UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>                              Plaintiff,<br><br>                   -against-<br><br>RELATED COMPANIES, LLP; STEPHEN M. ROSS; BRUCE BEAL, JR; JEFF T. BLAU; KENNETH WONG; MICHAEL HARRINGTON; BONITA CHUNG; MICHAEL HILLIER; IVAN MARCHUK; LATYSHIA JOHNSON; ALEXI POLONCO; ANGEL CORTES; BRIDGELAND WEST LLC; TAHIR DOMI; ATHANASIOS GIALABOUKIS,<br><br>                              Defendants. | 22-CV-7683 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*.[1] She invokes the Court's federal question jurisdiction, and asserts claims against two companies that own or manage an apartment building in Manhattan (Related Companies, LLP, and Bridgeland West LLC), and numerous individuals. Plaintiff moves for leave to proceed anonymously. For the reasons set forth below, the Court denies Plaintiff's motion to proceed anonymously, and grants her leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous, Fitzgerald v. First E. Seventh Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000), or that the Court lacks subject matter jurisdiction,

---

[1] On September 14, 2022, Plaintiff paid the filing fees for this action.

Fed. R. Civ. P. 12(h)(3); Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). The Court

also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and

an opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994)

(citation and internal quotation marks omitted). The Court is obliged, however, to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the

"strongest [claims] that they *suggest*," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474

(2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff indicates that the events giving rise to her claims took place beginning in June

2020, at 456 Washington Street, New York, New York. (ECF 1 at 9.) She alleges the following

facts:

> Ive Been Harassed, Bullied, taunted and Discriminated Against, by related
> employees ad residents on numerous occasions, and the managing personel, has
> not only instigated most of these behaviors, they have condoned staff misconduct
> and malfeasancent conduct speciffically Bonita Chung, Micheal Hillier, Ivan
> Marchuk, and, Layyshia Johnson. In addition the above named parties have
> violated the related privacy policy and have made or condoned racial behavior
> and or actions.

(*Id.*)[2]

Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of her rights under the

Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment. She also

invokes Title VII of the Civil Rights Act of 1964. She seeks to have "all rent and fee[s]

reimbursed including [her] security deposit" and asks for $150 million in damages. (*Id.* at 10.)

---

[2] The spelling and punctuation in all quoted material is from the original.

## DISCUSSION

**A.     Motion to proceed anonymously**

Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of [a] complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). The requirement to include the names of all parties "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008). "[P]seudonyms are the exception and not the rule," and the party seeking anonymity "must make a case rebutting" the "presumption of disclosure." *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020) (per curiam).

When determining whether a plaintiff can proceed under a pseudonym, the following non-exhaustive list of factors should be considered:

> (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature," (2) "whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties," (3) whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity," (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age, (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, (9) "whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities," and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff*, 537 F.3d at 190 (internal citations omitted, alterations in original).

Here, Plaintiff alleges that defendants discriminated against her because of her race, which, in itself, is not necessarily a "highly sensitive" matter requiring anonymity. *Doe v. M&T*

*Bank Corp.*, No. 21-CV-1186-LJV, 2022 WL 1114950, at *2 (W.D.N.Y. Apr. 14, 2022)

(reasoning that complaint that included information about plaintiff's medical care, and details

about the alleged harassment and racial discrimination involved matters of a "somewhat sensitive

and personal nature"); *Cf. Doe 1 v. Branca USA, Inc.*, No. 22-CV-3806 (LJL), 2022 WL

2713543, at *2 (S.D.N.Y. July 13, 2022) ("A claim by an adult plaintiff to have been the victim

of sexual abuse and to have suffered physical or psychological damage as a result . . . is not

enough to entitle a plaintiff to proceed anonymously"); *Doe v. Delta Airlines, Inc.*, No. 13-CV-

6287 (PAE), 2015 WL 5781215 at *2 (S.D.N.Y. Oct. 2, 2015) (plaintiff's argument that she

would be harmed in her "reputation and finances" if it was revealed that she was arrested for

public intoxication did not outweigh the presumption of access).

Plaintiff argues that she should be permitted to proceed under a pseudonym in this action

because of "the nature of [her] lawsuit and the level of wealth and power that the [defendants] in

[her] action hol[d]." (ECF 2 at 1.) Plaintiff can be understood as alleging that she may suffer

some retaliation unless she proceeds anonymously. She brings suit under the Fair Housing Act

(FHA), 42 U.S.C. § 3604, which provides a remedy for those who are retaliated against for

asserting their rights under that statute. Although Plaintiff's desire to shield herself from public

scrutiny is understandable, these vague allegations of a general potential for retaliation are

insufficient to overcome the presumption of public access. *See Branca*, 2022 WL 2713543, at *2

("Courts have put weight on the right of the public to know the identity of the litigants," and the

burden is on the party seeking to proceed pseudonymously to "rebut the presumption of public

access."). If the action proceeds, Plaintiff can redact particular documents that include certain

sensitive information (*see* Fed. R. Civ. P. 5.2) or ask the Court to limit public viewing of

particular documents that she contends contain sensitive information. The Court, accordingly, denies Plaintiff's request to proceed anonymously.

Plaintiff's identity has thus far been kept confidential. If Plaintiff proceeds with this action notwithstanding the Court's order that she cannot do so anonymously, and chooses to file an amended complaint, she must use her true name to do so.[3]

## B.    Claims under 42 U.S.C. § 1983

Plaintiff invokes 42 U.S.C. § 1983, on the ground that defendants have violated her constitutional right to equal protection and her rights under the Eighth Amendment.[4] A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

As defendants all appear to be private parties, and none are alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983. If Plaintiff files an amended complaint, she should not reassert any claims under Section 1983 for constitutional violations, unless she includes facts showing that one or more defendants is a state actor.

---

[3] If, in light of the Court's denial of Plaintiff's application to proceed anonymously, Plaintiff withdraws this action, the Court does not intend to direct that the initial complaint and motion be made public.

[4] The Eighth Amendment's cruel-and-unusual-punishment clause only applies to claims brought by convicted prisoners. *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983); *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996).

C.     **Claims under Title VII**

Title VII of the Civil Rights Act of 1964 (Title VII) provides that "[i]t shall be an

unlawful employment practice for an employer to fail or refuse to hire or to discharge any

individual, or otherwise to discriminate against any individual with respect to her compensation,

terms, conditions, or privileges of employment, because of such individual's race, color, religion,

sex or national origin." 42 U.S.C. § 2000e-2(a). A claim under Title VII is premised on the

existence of an employer-employee relationship. *See Gulino v. New York State Educ. Dep't*, 460

F.3d 361, 370 (2d Cir. 2006) ("[T]he existence of an employer-employee relationship is a

primary element of [a] Title VII claim[ ].").

It is not entirely clear whether Plaintiff asserts claims arising out of an employment

relationship with the companies named as defendants, or arising from her rental of an apartment

owned or managed by those entities. Because Plaintiff's mailing address is the same as the

address where her claims arose, and she seeks the return of her rent, the Court assumes the latter.

Plaintiff does not allege an employer-employee relationship, and she thus fails to state a claim

under Title VII.[5] Unless Plaintiff is asserting claims against an employer, her Title VII claims

should not be included in the amended complaint, if she chooses to file one.

D.     **Claims under the Fair Housing Act**

The FHA "broadly prohibits discrimination in housing." *Gladstone Realtors v. Vill. of

Bellwood*, 441 U.S. 91, 93 (1979). [6] Specifically, it prohibits discrimination "against any person

in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of

---

[5] For Plaintiff's benefit, the Court also notes that exhaustion of administrative remedies is generally required for a Title VII employment discrimination claim.

[6] The Court assumes for the purposes of this order that the FHA covers Plaintiff's residence. *See* 42 U.S.C. § 3604(b) (defining "dwelling," in part, as a "building" that is "occupied as . . . a residence by one or more families").

services or facilities in connection therewith, because of race, color, religion, sex, familial status

. . . national origin," or disability. 42 U.S.C.§ 3604(b), (f). The FHA also prohibits retaliation

against persons who have asserted their rights under the FHA. *See id.* § 3617 (unlawful "to

coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on

account of his having exercised or enjoyed, or on account of his having aided or encouraged any

other person in the exercise or enjoyment of, any right granted or protected by [among others,

§§ 3604 and 3605] of this title" ). Individuals who personally participate in discrimination can be

held liable under the FHA. *Andujar v. Hewitt*, No. 02-CV-2223, 2002 WL 1792065, at *10

(S.D.N.Y. Aug. 2, 2002) ("Aggrieved persons have long been permitted to assert Fair Housing

Act claims against individual defendants who engaged in affirmative acts of discrimination or

enforced a corporation's discriminatory rules or policies.").

Here, Plaintiff alleges that she has been "discriminated against" on numerous occasions

and that defendants have "made or condoned racial behavior." (ECF 1 at 9.) Plaintiff fails,

however, to plead any facts about what occurred. She also does not identify what any individual

defendant did or failed to do on a particular occasion that violated her rights.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and

plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief

if the claim is plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678(2009) (citing Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts

all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's

favor. *Id.* . The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause

of action," which are essentially legal conclusions. *Id*. (citing *Twombly*, 550 U.S. at 555). After

separating legal conclusions from well-pleaded factual allegations, the court must determine

whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

Plaintiff's allegation that defendants engaged in racial discrimination is a legal conclusion bereft of factual allegations. The Court cannot determine from Plaintiff's allegations whether she alleges that she was discriminated against in making a housing-related contract, was retaliated against for exercising her rights under the FHA, or something else. Plaintiff also does not plead facts showing how any particular defendant was involved in violating her rights. Plaintiff's allegations are therefore insufficient to establish a violation of the FHA.

### LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under the Fair Housing Act, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider

in deciding whether the amended complaint states a claim for relief. That information should include:

    a) the names and titles of all relevant people;

    b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c) a description of the injuries Plaintiff suffered; and

    d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff's motion to proceed anonymously (ECF 2) is denied, and she must use her true name if she chooses to file an amended complaint. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-7683 (LTS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will dismiss this action for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    September 19, 2022
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes     ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
            (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                    Zip Code

Defendant 2: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                    Zip Code

Defendant 3: _____

First Name                         Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                         State                    Zip Code

Defendant 4:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                            State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.